# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Appeal of Wissahickon Apartments, :   
LLC and C. Craig Smith, Jr.,    :   
             Appellants    :   
             :   
             v.    :    No. 1067 C.D. 2019
             :    SUBMITTED: June 12, 2020
The City of Philadelphia Tax Review    :   
Board    :   

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                 **FILED: July 10, 2020**

Wissahickon Apartments, LLC (Wissahickon), and C. Craig Smith, Jr. (collectively, Appellants), appeal from the order of the Court of Common Pleas of Philadelphia County, affirming the adjudication of the City of Philadelphia, Tax Review Board (TRB), which rejected Appellants' petition for refund of realty transfer tax paid on the assignment of a ground lease for all existing structures and improvements on a Property with a remaining term under thirty years. Order, *Wissahickon Apts., LLC v. City of Phila.*, *Tax Review Bd.* (C.C.P. Phila., Oct. Term, 2018 No. 02969, filed June 26, 2019) (Patrick, J.) (Reproduced Record "R.R."[1] at 2a.) In its opinion under Pennsylvania Rule of Appellate Procedure 1925(a), the trial court held that the assignment of the lease, along with two other assignments, the simultaneous transfer of the fee interest from Dabney Corporation (of which Smith

---

[1] Pages 1a-7a of the Reproduced Record are appended to Appellants' Brief.

is president) and the immediate subsequent termination of the ground lease by Wissahickon, together constituted a *de facto* transfer of ownership subject in its entirety to the realty transfer tax. (R.R. at 3a-7a.) We affirm.[2]

The facts are as follows. On February 28, 2017, Dabney Corporation sold the fee interest in the Property to Wissahickon for $250,000, for which a realty transfer tax of $7,750 was paid. (Supplemental Reproduced Record "S.R.R." at 60b.) The realty transfer tax certificate for the land sale declared: "the attached [land] deed is for the transfer of the land only. The improvements are part of the leasehold interest and will be simultaneously transferred by a recorded assignment of ground lease. Transfer tax is being paid on the value of the assignment of the ground lease. . . ." (*Id.*)

Simultaneously, Smith sold the leasehold interest in the Property, including the improvement, a multi-story apartment building, to Wissahickon for $2,970,000. (R.R. at 184a-87a). Under protest, Appellants paid a realty transfer tax on the leasehold transfer of $92,070. (R.R. at 192a.)

Immediately thereafter, Wissahickon, now owner, lessor, and lessee of the Property and improvement, terminated the ground lease with itself. (S.R.R. at 61b.) Thus, by operation of law, Wissahickon became the undisputed owner of the land and the improvement located on the Property. In other words, Wissahickon's purchase of the leasehold and fee interest, termination of the ground lease with itself, and merging of interests made it the absolute fee owner of the Property, including the improvement.

---

[2] It should be noted that a parallel appeal from the state-imposed realty transfer tax on the same transaction is currently pending before the Court. *See Wissahickon Apts., LLC v. Com.* (Pa. Cmwlth., No. 45 F.R. 2020) (docket entries).

Appellants filed an appeal with the TRB seeking a refund of the $92,070 of realty transfer tax paid on the assignment of the ground lease for the Property. (R.R. at 22a.) Before the TRB, Appellants argued that the assignment of the ground lease was not taxable because there were fewer than thirty years remaining on the leasehold interest (R.R. at 52a), entitling them to a tax exemption under Section 19-1402(12)(b) of The Philadelphia Code.[3]

The TRB denied the appeal in October 2018. (R.R. at 1a.) In its decision, the TRB concluded that the sales agreement for the leasehold and fee interests "conveyed both interests to Wissahickon, with consideration, and [Wissahickon] terminated the lease at closing. Therefore, Wissahickon now owns the land and the building outright, after paying consideration of [$]3.2 million; the

---

[3] Section 19-1402(12)(b) of The Philadelphia Code provides that "title to real estate" may be defined as follows:

> Any interest in real estate enduring for a fixed period of years . . . including . . . a leasehold interest or possessory interest under a lease . . . for a term of thirty (30) years or more or a leasehold interest or possessory interest in real estate in which the lessee has equity.

Philadelphia Code § 19-1402(b). This effectively represents an exemption from the realty transfer tax for leaseholds under thirty years in duration. The general rule, found at Section 19-1403(1) of The Philadelphia Code, provides as follows:

> Every person who transfers ownership of real estate situate within the City or who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, or who accepts ownership of real estate situate within the City, shall be subject to pay for and in respect to the transaction or any part thereof, or for or in respect of the vellum parchment or paper upon which such document is written or printed, a tax based on the value of the real estate represented by such document . . . .

Philadelphia Code § 19-1403(1).

taxable amount under the realty transfer tax." (S.R.R. at 66b.) The TRB further explained that the taxation of the transfers of the leasehold and fee interests "prevent[s] circumvention of the payment of realty transfer tax on the value of interests in real estate transferred by a sales agreement." (*Id.*)

Appellants then appealed to the trial court, which did not take new evidence. Following oral argument in June 2019, the trial court denied the appeal and affirmed the TRB's decision by order dated June 26, 2019. Appellants appealed to this Court and filed a statement under Pennsylvania Rule of Appellate Procedure 1925(b). In its opinion under Pennsylvania Rule of Appellate Procedure 1925(a), the trial court found that the conveyance of the fee interest ownership in conjunction with the assignment of the ground lease, along with the termination of the ground lease, effectively transferred all ownership interest, including the improvement, to Wissahickon. (R.R. at 6a.) The trial court rejected Appellants' claim that by characterizing the sale of the improvement as an "assignment of a ground lease," it could avoid paying the transfer tax on most of the approximately $3.2 million purchase price. (*Id.*)

On appeal[4] to this Court, Appellants raise two issues:

> A. Did the Trial Court err in holding transfer tax was due and payable upon the assignment of a tenant's leasehold interest in property from that tenant to an unrelated third party when the lease had a remaining term of less than thirty (30) years? [and]
>
> B. Did the Trial Court err in finding the assignment described above resulted in a transfer of "actual equitable

---

[4] Where a full record is made before the agency, the trial court exercises appellate review. In addition, where, as here, the only issue is whether the trial court, in affirming the TRB, misapplied the law, our review is plenary.

4

ownership" in real estate and thus was a taxable transfer of property?

(Appellants' Br. at 3.)

We note first that these are not separate issues, because resolution of the first is inextricably intertwined with and hinges on resolution of the second. In other words, if the transaction as a whole amounts to a *de facto* transfer of the entire Property, the transfer of the leasehold interest—however long—cannot be viewed in a vacuum. Indeed, if they were separate and discreet issues, the second would be waived because only the "first issue" was asserted in Appellants' statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).[5] At all events, we believe that the trial court ably considered and disposed

---

[5] With regard to Appellants' "second issue," we further note that in enacting the realty transfer tax, the City Council of Philadelphia made a specific legislative finding that "[e]ntities holding real estate can effectively transfer equitable ownership in real estate by means other than by deed." Philadelphia Code § 19-1401(3). Further, "[e]ntities can effectively transfer equitable ownership in real estate by selling corporate stock, selling partnership interests, *leasing real estate for a period of time*, merging with another entity, or liquidating the entity." Philadelphia Code § 19-1401(4) (emphasis added). Finally, City Council found that "[i]t is the intent of City Council to tax the transfer of the ownership of real estate situate in Philadelphia whether such transfer occurs in fact or equitably being the transfer of stock or shares of an acquired real estate company. . . ." Philadelphia Code § 19-1401(5). Of further import, notably, Section 19-1403(1) declares the transferor *or* the transferee of "ownership of real estate" subject to pay for tax on the *transaction*. Philadelphia Code § 19-1403(1). Although two entities (Smith and Dabney Corporation) transferred elements of ownership, the transferee in this transaction received the entirety of ownership of real estate, fee and leasehold, via the conveyances. Reading The Philadelphia Code otherwise cannot be squared with City Council's stated intent and express language.

The TRB's decision that Appellants utilized the "assignment of the ground lease" to disguise the transfer of the improvement to Wissahickon is supported by ample record evidence. First, Appellants' Sale Agreement illustrates a single sale of the Property was really at issue. (Contract for Sale, S.R.R. at 1b.) The Sale Agreement explicitly describes that a single buyer, Wissahickon, was purchasing both the land and the improvement for one purchase price: $3,220,000. (*Id.* ¶¶ 2(a), 4 and 8, S.R.R. at 2b-4b.) Paragraph 2 of the Sale Agreement defined the Property to be sold as consisting of both the land and the leasehold interest in the improvement. (*Id.* ¶ 2(a)(I)(A)(1)-(2), S.R.R. at 1b.) Notably, the Sale Agreement further states, under the paragraph titled "Transfer of Ownership":

> [Dabney Corporation and Smith] will transfer ownership of the Property to Buyer. Each of Dabney . . . will give Buyer a properly executed deed and deliver to Buyer's title insurance company an

of Appellants' claims, *see* Opinion, *Wissahickon Apartments, LLC v. City of Philadelphia, Tax Review Board* (C.C.P. Phila., Oct. Term, 2018 No. 02969, filed Oct. 7, 2019) (Patrick, J.) (R.R. at 3a-7a), and we affirm based on that opinion.[6]

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

*adequate affidavit of title. Dabney and Smith will each execute and deliver to Buyer a recordable form of its respective lessor's and lessee's interest in the Ground lease.*

(*Id.* ¶ 8, S.R.R. at 4b) (emphasis added).

[6] As noted at note two, *supra*, a parallel appeal is ongoing before the Court with respect to the realty transfer tax imposed by the Commonwealth. Appellants quote the Commonwealth of Pennsylvania, Department of Revenue's Board of Appeals' decision in that matter, which the trial court did not discuss in its decision. The TRB disputes the propriety of considering the decision because it was first raised before the trial court despite the Board of Appeals' decision being issued on March 30, 2018, six months prior to the issuance of the TRB's order on October 1, 2018.

We find that what we know of the Board of Appeals' decision as it appears in *this* case, even considered as persuasive authority, does little to help Appellants' case. The Board of Appeals, while finding that the transfer of the leasehold of less than thirty years was not subject to the realty transfer tax (*see* Appellants' Br. at 16; a copy of the actual decision of the Board of Appeals is not in the record), nonetheless assessed Wissahickon and Dabney Corporation with transfer tax based on the aggregate consideration paid for both the deed and the lease assignment. The Pennsylvania Board of Finance and Revenue has since affirmed.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Appeal of Wissahickon Apartments, : 
LLC and C. Craig Smith, Jr., :
                 Appellants :
                                :
           v. : No. 1067 C.D. 2019
                                :
The City of Philadelphia Tax Review : 
Board :

# O R D E R

AND NOW, this 10th day of July, 2020, based on the foregoing opinion and the opinion of the Court of Common Pleas of Philadelphia County, *Wissahickon Apartments, LLC v. City of Philadelphia, Tax Review Board* (C.C.P. Phila., Oct. Term, 2018 No. 02969, filed Oct. 7, 2019) (Patrick, J.), appended hereto, we AFFIRM the Order of the Court of Common Pleas.

 

                                          _____
                                          **BONNIE BRIGANCE LEADBETTER,**
                                          Senior Judge

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| Appeal of:<br>WISSAHICKON APARTMENTS, LLC<br>  Appellant(s) | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| From a decision of:<br>THE CITY OF PHILADELPHIA<br>TAX REVIEW BOARD<br>  Appellee(s) | :<br>:<br>:<br>: | OCTOBER TERM, 2018<br>NO. 02969 |

## ORDER

AND NOW, this _26th_ day of _June_, 2019, upon consideration of the foregoing Appeal of Wissahickon Apartments, LLC, from an Order of the City of Philadelphia Tax Review Board dated September 20, 2018, under case number 36RTREFZZ9974, it is hereby **ORDERED** and **DECREED** that said Appeal is **DENIED**, and the Order of the City of Philadelphia Tax Review Board is **AFFIRMED**.

BY THE COURT:

_____ J.

Wissahickon Apartments,-ORDRF

18100296900024

2a

| | | |
|---|---|---|
| WISSAHICKON APARTMENTS, LLC | : | PHILADELPHIA COUNTY |
| and | : | COURT OF COMMON PLEAS |
| C. CRAIG SMITH, JR. | : | |
| Appellant | : | |
| | : | OCTOBER TERM, 2018 |
| vs. | : | NO. 02969 |
| | : | |
| CITY OF PHILADELPHIA | : | 1067 CD 2019 |
| TAX REVIEW BOARD | : | |
| Appellee | : | |

## OPINION

Patrick, J.                                                          October 7, 2019

Appellants Wissahickon Apartments, LLC and C. Craig Smith, Jr. filed an appeal from this

Court's Order dated June 26, 2019 (docketed June 29, 2019) denying Appellants initial appeal

from the City of Philadelphia Tax Review Board. This Court now submits the following Opinion

in support of its ruling and in accordance with the requirements of Rule 1925(a) of the

Pennsylvania Rules of Appellate Procedure. For the reasons set forth below, this Court's decision

should be affirmed.

## FACTUAL/PROCEDURAL HISTORY

On February 27, 2017, Wissahickon Apartments, LLC ("Wissahickon") became the

combined owner, lessor, and lessee of the property (including its improvements) located at 5215-

31 Schuyler Street, Philadelphia, Pennsylvania (the "Property"). Wissahickon purchased the fee

interest in the Property from the Dabney Corporation for $250,000.00 and paid an uncontested

transfer tax of $7,750.00. That same day, Wissahickon was assigned the ground lease for all

existing structures and improvements upon the Property from C. Craig Smith ("Mr. Smith"), the

1

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) D. DRAYTON 10/09/2019

Dabney Corporation's president, for $2,970,000.00. The transferred ground lease had twenty-nine (29) years left to its term. Wissahickon paid a transfer tax of $92,070.00 based on the value of the assignment. On March 1, 2017, Wissahickon terminated the ground lease it had purchased from Mr. Smith, making itself the *de jure* sole owner of the fee interest in the Property as well all improvements upon the Property. Meanwhile, Wissahickon Apartments, LLC and C. Craig Smith, Jr. (collectively "Appellant") claimed that it should not have been obligated to pay the $92,070.00 Real Estate Transfer Tax ("RTT") because the assignment from Mr. Smith to Wissahickon was not a transfer of real estate under Philadelphia Code § 19-1402(12)(b). Accordingly, Appellant filed a refund request with the City of Philadelphia Department of Revenue. On July 31, 2017, that refund request was denied. On or about September 19, 2017, Appellant filed a Petition for Appeal with the City of Philadelphia Tax Review Board (the "TRB"). On January 23, 2018, the TRB conducted evidentiary hearings on Appellant's Petition. By letter dated October 2, 2018, the TRB denied Appellant's Petition.

On October 22, 2018, Appellant filed a Notice of Appeal to this Court which heard oral argument on June 26, 2019. By Order dated that same day (docketed June 29, 2019), this Court denied Appellant's appeal. On July 26, 2019. Appellant appealed this Court's June 26, 2019 (docketed June 29, 2019) Order denying its appeal from the TRB to the Commonwealth Court of Pennsylvania. By Order dated July 30, 2019, this Court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.C.P. 1925(b) within twenty-one (21) days. Appellant filed a timely 1925(b) Statement on August 6, 2019.

2

## ISSUES

Appellant raised the following issue *verbatim* in its 1925(b) Statement of Matters Complained of on Appeal:

1. Whether the trial court erred as a matter of law by holding that a transfer tax was due and payable upon the assignment by a tenant to an unrelated third party of the tenant's leasehold interest in property when the lease had a remaining term of less than thirty (30) years?

## DISCUSSION

### I.    THIS COURT PROPERLY AFFIRMED THE TAX REVIEW BOARD

On appeal, Appellant claims this Court erred by denying its appeal from the TRB because this court held that "transfer tax was due and payable upon the assignment by a tenant to an unrelated third party of the tenant's leasehold interest in property when the lease had a remaining term of less than thirty (30) years". Appellant's claim must fail. This Court properly affirmed the TRB because the TRB did not commit an error of law in determining that Appellant's lease transfer resulted in actual equitable ownership thus triggering the transfer tax. Accordingly, Appellant's claim should be dismissed.

Philadelphia Code § 19-1403(1) states in relevant part that "[e]very person who transfers ownership of real estate situate within the City or who makes, executes, delivers, accepts or presents for recording any document...or who accepts ownership of real estate situate within the City, shall be subject to pay for and in respect to the transaction...a tax based on the value of the real estate represented by such document...". Further, § 19-1402(6) defines a document as "[a]ny deed, instrument or writing which conveys, transfers, demises, vests, confirms, or evidences any transfer or demise of title to real estate situate in Philadelphia presented for recording...". Accordingly, a realty tax is imposed on the actual consideration paid or to be paid. Philadelphia

3

Code § 19-1402(14)(a). This Court's standard of review of a decision of the TRB is deferential and this Court must affirm the TRB's decision unless there was an error or law or unsubstantiated material finding of fact. 2 Pa.C.S.A. § 754(b). See *Appeal of Fresh Food Terminal Corp.*, 945 A.2d 802, 804 n.1 (Pa.Cmwlth. 2008).

In this case, Appellant claims that it was exempt from the RTT under Philadelphia Code § 19-1402(12)(b) which exempts assignments of ground leases with less than thirty (30) years in term from taxation. The TRB disagreed, concluding that "because the assignment results in the transfer of a property interest…[p]ursuant to this transaction Wissahickon Apartments, LLC now hold title in both interest in the land and improvement." Reproduced Record at 223. This Court properly affirmed the TRB, which heard testimony from both parties at the January 23, 2018, hearing because the TRB properly concluded that in totality the Property's ownership was transferred. Even though Appellant technically executed these steps through two (2) instruments on the same day, the concluding effect of the fee interest and the lease transfer both residing with Appellant amounted to a transfer of ownership of real property under Philadelphia Code § 19-1403(1).

Most importantly, Mr. Smith's assignment of his ground lease transferred his interest in all the Property's improvements. The TRB held that those improvements on the Property contained in the ground lease amounted to an ownership interest in the Property. The TRB concluded that the ownership interest in the improvements, along with the lease interest for twenty-nine (29) years, combined with the actual fee ownership in the Property created by a totality of the circumstances a transfer of ownership subject to a RTT whereby Appellant was lessor and lessee. Indeed, Appellant confirmed that this was its strategy by terminating its own ground lease on March 1, 2017, thereby rendering moot the ground lease it purchased from Mr. Smith and creating

4

one ownership interest. Therefore, because there was a transfer of the Property and its improvements as contemplated in the ground lease, notwithstanding the two separate instruments used, a RTT was proper and the TRB correctly concluded that no refund was warranted.

On appeal, Appellant failed to cite any specific errors of law the TRB made. The TRB considered all the evidence and testimony presented to it concerning the sale agreement, the ground lease assignment, the parties involved, and the structure and intent of the transaction. The TRB concluded that the end result was a transfer not only in fee ownership and the ground lease, but that the ground lease transfer included the improvements upon the Property. Such a transfer created a *de facto* transfer of ownership properly subject to a RTT under under Philadelphia Code § 19-1403(1). Moreover, Appellant did not claim the TRB made any unsubstantiated material findings of fact throughout the proceedings nor has Appellant cited any caselaw inapposite to the TRB's conclusion. The TRB was presented with the factual situation whereby the ground lease transfer carried with it a transfer of ownership to the improvements upon the Property. The TRB properly concluded that such a transfer of real property was subject to a RTT and Appellant has not presented any evidence or caselaw in furtherance of a compelling argument against this conclusion. Accordingly, Appellant's should be dismissed.

## CONCLUSION

For all the foregoing reasons, this Court respectfully requests that its judgment be affirmed in its entirety.

BY THE COURT:

PAULA A. PATRICK, J.

5

7a